No. 26315

## The People of the State of Colorado v. Francis R. Salazar

(524 P.2d 298)

Decided July 15, 1974.               Rehearing denied August 12, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

Carl L. Harthun, for attorney-respondent.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a proceeding in discipline against respondent Francis R. Salazar.

The matter is before us on the basis of findings of fact, conclusions and recommendations of the Supreme Court Grievance Committee. After hearing on December 20, 1973, at which time respondent appeared in person and by his attorneys, findings, conclusions and recommendations of the grievance committee were presented to this court and respondent filed his exceptions thereto. The committee found that the respondent was admitted to practice law in the State of Colorado on or about September 10, 1951.

The committee further found that the respondent was a shareholder, director and attorney for the Rocky Mountain Bank of Lakewood, Colorado. Other individuals named Cooper were also shareholders and officers and directors of the bank. A thirteen count indictment was filed against respondent and the Coopers in the United States District Court for the District of Colorado alleging, in count I, an illegal conspiracy involving respondent. Respondent was also specifically charged with illegal acts in count V of the indictment. A summary of the facts charged in that count indicate that, as a favor to respondent, two clients of his (men of considerable financial stature and thus eligible for credit) signed a note for and received $65,000 from the bank. They gave this money to the Coopers, who gave it to respondent, who also was their attorney. He deposited it in his trust account. He disbursed most, if not all of it, for the benefit of several of his co-conspirators, the Coopers. Such a loan could not have been made to the Coopers under federal banking regulations.

Specifically, respondent was indicted for violations of Title 18, U.S.C., Sec. 371, and Title 18, U.S.C., Sec. 656, to which charges he pleaded not guilty.

The case was tried to a jury in the United States District Court, and on December 22, 1970, respondent was found guilty on counts I and V of said indictment. Pursuant to the verdict, on January 22, 1971, a judgment of conviction was entered. All other counts relating to him were dismissed, or

he was found not guilty. Respondent was sentenced to imprisonment for a period of three years upon counts I and V, with the terms to run concurrently, and was fined in the sum of $2,000 upon each count.

The respondent filed appeals in the matter, was unsuccessful in the Tenth Circuit and certiorari was denied by the United States Supreme Court.

It was the committee's opinion that the respondent's conduct was contrary to the highest standards of justice, ethics and morality and that he used his position as a director or officer of a bank to arrange financial transactions in a way prohibited by law. Attorneys who deal with the public or with money of the public, whether in their professional capacity or in their private capacity, must govern their action in accordance with the highest standards of morality. Violation by attorneys of laws intended for the protection of the public or misapplication by them of funds in violation of the law, whether or not a loss results in the last analysis, constitutes conduct involving moral turpitude. We therefore agree with the recommendation of the committee that the respondent be disbarred and costs in the amount of $50.00 be assessed against him, payable to the Clerk of this Court within 60 days. It is so ordered.